UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, #162293, | ) C/A No. 3:12-2217-RBH-JRM |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Robert Stevenson, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this Magistrate Judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Through a § 2254 petition, Thomas Harley ("Petitioner"), an inmate at Broad River Correctional Institution in Columbia, South Carolina, seeks to "appeal" a prison disciplinary violation conviction for "threatening to inflict harm on/assaulting an employee and/or member of the public." ECF No. 1, Pet. 1. The prison is a facility owned and controlled by the South Carolina Department of Corrections ("SCDC"). The disciplinary violation conviction did not result in the loss of any good time credits and it apparently upheld or failed to reverse a prison medical decision not to replace Petitioner's broken hearing aid. The sanctions entered against Petitioner included loss of canteen privileges and administrative segregation for a length of time. *Id.*, Pet. 2-3, attach.

1(ALC decision). Petitioner attempted to have his claims ruled on by the South Carolina Administrative Law Court ("SCALC") and the South Carolina Court of Appeals, but neither state court addressed the merits of his claims due to procedural dismissals based on finding of no subject-matter jurisdiction and Petitioner's failure to pay filing fee. *Id.*

Petitioner alleges that his constitutional rights were violated when the disciplinary hearing was held in his absence and he was convicted on false testimony of his accusers, when the SCALC entered "summary judgment" in the face of factual disputes, when he received inadequate care for the injuries he received from his altercation with corrections officers, and when the state court did not require SCDC to replace his hearing aid. *Id.*, Pet. 2-B, 5, 8, 10. He requests this Court to enter a declaratory judgment in his favor and to award him damages for the allegedly unconstitutional disciplinary process, for the loss of his hearing aid, and for indifference to his medical needs. *Id.*, Pet. 14.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

As previously stated, Petitioner seeks relief in the nature of declaratory judgment and damages allegedly arising from constitutional violations by SCDC officials and/or employees in connection with the disciplinary violation process and in connection with Petitioner's medical care. Such claims are not cognizable in a habeas action, but, instead, should be brought before the court by way of a civil rights action under 42 U.S.C. § 1983 or other more general civil complaint. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983

3

is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

According to the United States Supreme Court "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994) ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). It is settled law that claims seeking "a quantum change in the level of custody," are properly considered in habeas corpus, *Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005), but that monetary damages are not an available remedy in a habeas corpus action. *Heck*, 512 U.S. at 481; *McKinney-Bey v. Hawk-Sawyer*, No. 03-6455, 69 Fed. Appx. 113, 113 (4th Cir. May 29, 2003).

Under the circumstances presented in his Petition and the attachments thereto, Petitioner cannot pursue his claims through the § 2254 Petition filed in this case because he did not receive any sentence-length-effecting sanction as a result of the contested disciplinary violation case. He did not lose any of his good-time credits and none of the loss of privileges that resulted from the conviction had any effect on the length of his sentence. This Court cannot review the constitutional challenges he raises to the way his disciplinary violation hearing was conducted because the only remedies he seeks are not available in a habeas corpus action. Additionally, Petitioner's medical claims are also not the type of claims that can be raised in a habeas corpus action because they have no effect on the length of his sentence. Because the allegations raised by the petitioner in this case appear to state either civil rights and/or tort-based personal injury claims seeking a recovery of

damages from state prison employees and/or officials, they are not appropriate for a habeas case filed pursuant to § 2254 and this case should be dismissed. By separate order, the Clerk of Court has been directed to send *prisoner complaint* forms to Petitioner for use should he wish to submit his claims in that manner at a later date.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

August 29, 2012
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).